UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CHRISTINA SAALI, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:23-CV-1499 PLC |
| | ) |
| WALMART, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff Christina Saali's motion to proceed in forma pauperis. After reviewing Plaintiff's financial information, the Court grants Plaintiff's motion. However, Plaintiff will be required to amend her Complaint on a court-provided form within twenty-one (21) days from the date of this Memorandum and Order. Plaintiff's failure to do so will result in dismissal of this action, without prejudice.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of

action, supported by mere conclusory statements." *Barton v. Taber,* 820 F.3d 958, 964 (8th Cir. 2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating that court must accept factual allegations in complaint as true, but is not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## The Complaint

Plaintiff filed this employment discrimination action pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, *et seq.,* on November 23, 2023. She brings this action against her former employer, Walmart, alleging race discrimination, wrongful termination, retaliation and harassment.[1]

---

[1] Plaintiff does not indicate her race in her complaint.

Plaintiff claims that in December of 2022, she came into work after having Covid-19, after "being approved by Sedgewick for there [sic] sick polivy [sic]." Plaintiff states she asked the hiring manager, Samantha, if she should work that day, and Samantha said that she should. However, Plaintiff asserts that she had recently been approved by "corporate" for paid time off (PTO), and she wished to ask about it. Plaintiff called "corporate" during her lunch break, and when she returned, five (5) African-American women from Walmart approached Plaintiff and asked her to follow them to the back office.

Once in the back office, Plaintiff claims the women closed the door and began calling her names, such as "slow."[2] The women told Plaintiff that she was rude for calling "corporate" to ask about PTO. Plaintiff states that she started crying during the altercation, and Samantha came into the meeting and led her out of the room. An unnamed person at Walmart then told Plaintiff that she was fired and wrote her a check, presumably for the days she had worked. However, Plaintiff claims Walmart took the money from her bank account the next day.

Plaintiff asserts she has Post-Traumatic Stress Disorder from the incident at Walmart, and as a result, she can barely leave her home. Although other employers have allegedly hired Plaintiff since she was terminated from Walmart, "for some reason emotionally [Plaintiff] just can[']t get [herself] to go [to] work."

Plaintiff seeks monetary damages.

## Discussion

To assert a race discrimination claim, Plaintiff must allege that she is a member of a protected class, that she was meeting her employer's legitimate job expectations, that she suffered

---

[2] Plaintiff has not articulated in her Complaint any other derogatory names the women allegedly directed at her.

3

an adverse employment action, and that she was treated differently than similarly situated employees who were not members of her protected class. *Jackman v. Fifth Judicial Dist. Dep't. of Corr. Servs.,* 728 F.3d 800, 804 (8th Cir. 2013).  Although she claims racial discrimination in this action, Plaintiff does not indicate her race within the body of her Complaint, nor does she articulate how she believes she was treated differently than those who were not of her same race.

Additionally, although Plaintiff purports to bring a federal cause of action in this case, she has not included a Notice of Right to Sue from the Equal Employment Opportunity Commission ("EEOC").[3]  To initiate a claim under Title VII, a party must timely file a charge of discrimination with the EEOC and receive a right-to-sue letter. *See Muth v. Cobro Corp.,* 895 F. Supp. 254, 255-56 (E.D. Mo. 1995).[4]

Finally, Plaintiff has failed to attach to her Complaint a copy of her Charge of Discrimination.  Thus, the Court is unable to ascertain if the claims in her Complaint are "like or reasonably related" to the claims in her Charge.  A plaintiff's claims brought in federal court must be like or reasonably related to the claims outlined in the administrative charge; otherwise they are subject to dismissal for failure to exhaust administrative remedies. *See, e.g., Duncan v. Delta Consolidated Indus., Inc.*, 371 F.3d 1020, 1024 (8th Cir. 2004).

For these reasons, Plaintiff will be required to amend her Complaint on a court-provided form for filing an employment discrimination action.  Plaintiff must prepare her amended complaint using the court-provided form, and must follow Rules 8 and 10 of the Federal Rules of

---

[3] Plaintiff did attach to her Complaint a Notice of Right to Sue from the Missouri Commission on Human Rights ("MCHR").

[4] If Plaintiff has received an EEOC Right to Sue letter, she must submit a copy of it so the Court can ascertain the timeliness of her federal employment claims.  If she has not yet received an EEOC Right to Sue letter, this Court would not have jurisdiction over Plaintiff's EEOC claims or any MCHR claims.

Civil Procedure.[5]  Rule 8 requires plaintiff to set forth a short and plain statement of the claim showing entitlement to relief, and also requires that each averment be simple, concise, and direct.  Rule 8(a)(2) sets forth a "notice pleading standard" and simply requires "a short and plain statement of the claim showing that the pleader is entitled to relief."  "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).

Rule 10(b) requires Plaintiff to state her claims in separately numbered paragraphs, each limited as far as practicable to a single set of circumstances.  Each count shall then set forth in separate, numbered paragraphs:  1) the relevant facts supporting the claim; 2) the constitutional, statutory, or other right that Defendant violated; and 3) the relief Plaintiff seeks for the claim (for example, money damages or equitable relief).  Plaintiff shall follow the same format with respect to each claim.  In stating the facts of a claim, Plaintiff must describe the conduct she alleges is unlawful and the date(s) such conduct occurred, if known.  In other words, Plaintiff must describe the adverse employment action(s) she believes was taken, when it was taken, and why it amounted to discrimination or other unlawful conduct.  As noted above, if Plaintiff believes she was discriminated against based on her race, she must note her race on the face of her amended complaint.

Plaintiff must also attach a complete copy of her EEOC Charge of Discrimination and EEOC Notice of Right to Sue.  These documents will be considered a part of the amended complaint for all purposes. Fed. R. Civ. P. 10(c).  The Court will direct the Clerk of Court to provide Plaintiff with another Employment Discrimination Complaint form, and Plaintiff will have

---

[5] Plaintiff's self-represented status does not excuse her from following the Federal Rules of Civil Procedure or the Local Rules of this Court.  *See Ackra Direct Mktg. Corp. v. Fingerhut Corp.*, 86 F.3d 852, 856-57 (8th Cir. 1996).

twenty-one (21) days from the date of this Memorandum and Order to file an amended complaint on the form provided. The amended complaint must be signed under penalty of perjury, and completed in accordance with the instructions provided in the form as well as the instructions provided in this Memorandum and Order. Plaintiff is cautioned that the filing of an amended complaint completely replaces all earlier-filed complaints in this action. Claims that are not realleged are deemed abandoned. *See, e.g., In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005).

Upon receipt of Plaintiff's amended complaint, the Court will review the amended complaint pursuant to 28 U.S.C. § 1915 for frivolousness, maliciousness and/or failure to state a claim. A claim must survive § 1915 review for Plaintiff to proceed in this lawsuit.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion to proceed in forma pauperis [ECF No. 3] is **GRANTED.**

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail Plaintiff a court-form for filing an Employment Discrimination Complaint.

**IT IS FURTHER ORDERED** that Plaintiff shall file an amended complaint within twenty-one **(21) days** of the date of this Order. The amended complaint shall be filed on the Court-provided Employment Discrimination Complaint form, in accordance with the instructions set forth in that form and in this Memorandum and Order. Plaintiff shall attach to her amended complaint a copy of her EEOC Charge of Discrimination and EEOC Right to Sue letter.

**IT IS FURTHER ORDERED** that if Plaintiff fails to timely file her amended complaint in compliance with this Court's Order, this case will be dismissed without prejudice.

_____
PATRICIA L. COHEN
UNITED STATES MAGISTRATE JUDGE

Dated this 14th day of December, 2023