UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CHRISTINA SAALI, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:23-CV-1499 PLC |
| | ) |
| WALMART, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court upon its review of Plaintiff's Amended Complaint, filed December 20, 2023.  (ECF No. 5).  Upon consideration, the Court grants Plaintiff twenty-one (21) days in which to submit a copy of her Notice of Right to Sue from the Equal Employment Opportunity Commission ("EEOC").  Plaintiff's failure to do so will result in the dismissal of this action without prejudice.

**Procedural Background**

Plaintiff filed this employment discrimination action pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, *et seq*. ("Title VII")*,* on November 23, 2023. (ECF No. 1).  The Court reviewed Plaintiff's Complaint pursuant to 28 U.S.C. § 1915 for frivolousness, maliciousness and failure to state a claim.  In a Memorandum and Order entered December 14, 2023, the Court instructed Plaintiff to amend her pleading within twenty-one (21) days, and to provide the Court copies of her Charge of Discrimination and Notice of Right to Sue from the EEOC.  (ECF No. 4).  The Court warned that Plaintiff's failure to comply with the Court's directive would result in the dismissal of her case without prejudice.  (*Id.*).

**The Amended Complaint**

Plaintiff filed her Amended Complaint pursuant to Title VII on December 20, 2023.  (ECF No. 5).  In her Amended Complaint, Plaintiff, who is white, brings claims for race discrimination, wrongful termination, retaliation and harassment against Defendant Walmart.  As support, Plaintiff alleges that in December of 2022, she came into work after having Covid-19, after "being approved by Sedgewick for there [sic] sick polivy [sic]."  Plaintiff states she asked the hiring manager, Samantha, if she should work that day, and Samantha said that she should.  However, Plaintiff asserts that she had recently been approved by "corporate" for paid time off (PTO), and she wished to ask about it.  Plaintiff called "corporate" during her lunch break, and when she returned, five (5) African-American women from Walmart approached Plaintiff and asked her to follow them to the back office.

Once in the back office, Plaintiff claims the women closed the door and began calling her names, such as "slow."[1]  The women told Plaintiff that she was rude for calling "corporate" to ask about PTO.  Plaintiff states that she started crying during the altercation, and Samantha came into the meeting and led her out of the room.  An unnamed person at Walmart then told Plaintiff that she was fired and wrote her a check, presumably for the days she had worked.  However, Plaintiff claims Walmart took the money from her bank account the next day.

Plaintiff asserts she has Post-Traumatic Stress Disorder from the incident at Walmart, and as a result, she can barely leave her home.  Although other employers have allegedly hired Plaintiff since she was terminated from Walmart, "for some reason emotionally [Plaintiff] just can[']t get [herself] to go [to] work."  As relief, Plaintiff seeks monetary damages.

Plaintiff attached to her Amended Complaint the cover sheet for the Investigative Summary from the Missouri Commission on Human Rights ("MCHR"), and a Notice of Right to Sue from

---

[1] Plaintiff has not articulated in her Amended Complaint any other derogatory names the women allegedly directed at her.

the MCHR.[2]  On December 21, 2023, Plaintiff filed a supplement to her Amended Complaint, consisting of a document from the MCHR titled "Notice that a Complaint Has Been Filed", her MCHR Charge of Discrimination[3], and a document from the EEOC titled "Notice of Charge of Discrimination in Jurisdiction where a FEP Agency Will Initially Process."  (ECF No. 6).

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted.  To state a claim, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct."  *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678.  Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679.  The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements."  *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016).  *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating

---

[2] Plaintiff does not purport to pursue claims under the Missouri Human Rights Act in this lawsuit.
[3] The Charge of Discrimination filed with the MCHR contains the following paragraph:
> I believe I was discharged by the Respondent because of my Race, White.  I started working for the Respondent in November, 2022 as a Cashier.  On December 8, 2022, I asked about my protected paid time off.  I called corporate and asked them as well.  When I returned from lunch after speaking to corporate, 5 women of color brought me in the back room and started making fun of me, saying I take too long on the computer, making rude comments, saying I have poor work ethic, saying I was slow and that it was rude to ask about my protected paid time off.  I believe it was Samantha that discharged me, she said because of attendance but my medical leave had been approved from when I was sick with Covid-19.  As remedy, I desire an end to the discrimination and anything else the Commission deems just and proper.

(ECF No. 6, P. 2).

that court must accept factual allegations in complaint as true, but is not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## Discussion

As set forth above, in its December 14, 2023 Memorandum and Order the Court instructed Plaintiff to amend her pleading in this matter, and to attach a copy of her Notice of Right to Sue from the EEOC. Plaintiff did not comply with the Court's Order, as she failed to provide a copy of her Notice of Right to Sue from the EEOC demonstrating her ability to pursue statutory remedies under Title VII.[4]

---

[4] Although Plaintiff has provided the Court with a copy of her Notice of Right to Sue from the MCHR, this cannot suffice to pursue federal claims for relief under Title VII. To initiate a claim under Title VII, a party must timely file a charge of discrimination with the EEOC and receive a Notice of Right to Sue. *See Muth v. Cobro Corp.,* 895 F. Supp. 254, 255-56 (E.D. Mo. 1995).

If Plaintiff has received an EEOC Notice of Right to Sue she must submit a copy, so that the Court can ascertain the timeliness of her federal employment claims.  If she has not yet received an EEOC Notice of Right to Sue, this Court does not have jurisdiction over Plaintiff's EEOC claims or any MCHR claims, because federal jurisdiction over a plaintiff's MCHR claims depends upon the Court's jurisdiction over a federal claim in the same action.

The Court will grant Plaintiff an additional twenty-one (21) days from the date of this Memorandum and Order to submit the EEOC Notice of Right to Sue to the Court.  If Plaintiff fails to submit her EEOC Notice of Right to Sue within the time allowed, the Court will dismiss this action without prejudice and without further notice.

Accordingly,

**IT IS HEREBY ORDERED** that **within twenty-one (21) days of the date of this Memorandum and Order,** Plaintiff shall submit to the Court her EEOC Notice of Right to Sue. **Plaintiff's failure to do so will result in the dismissal of this action, without prejudice and without further notice.**

_____
PATRICIA L. COHEN
UNITED STATES MAGISTRATE JUDGE

Dated this 21st day of February, 2024.