UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CHRISTINA SAALI, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 4:23-CV-1499 PLC |
| WALMART, | ) ) ) |
| Defendant. | ) |

### OPINION, MEMORANDUM AND ORDER

Before the Court is plaintiff Christina Saali's amended complaint and supplemental documents provided by plaintiff. Plaintiff has been ordered on two separate occasions to provide the Court with a copy of her Notice of Right to Sue from the Equal Employment Opportunity (EEOC). *See* ECF Nos. 4 and 8. Plaintiff has failed to comply with the Court's Orders, and her action will be dismissed, without prejudice.

### Background and Amended Complaint

Plaintiff Christina Saali, states that she was formerly employed at Walmart. She filed this employment discrimination action for race discrimination against Walmart, pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, *et seq.,* on November 23, 2023. [ECF No. 1].

On December 14, 2023, the Court reviewed plaintiff's complaint pursuant to 28 U.S.C. § 1915 for frivolousness, maliciousness and failure to state a claim. [ECF No. 4]. Plaintiff was instructed to amend her pleading within twenty-one (21) days, or no later than January 5, 2024, and to provide the Court copies of her Charge of Discrimination and Notice of Right to Sue from the Equal Employment Opportunity Commission (EEOC). *Id.* Plaintiff was specifically told that

her failure to provide the Court with a copy of her Notice of Right to Sue from the EEOC could result in a dismissal of this lawsuit for lack of jurisdiction.

Plaintiff filed her amended complaint on December 20, 2023. [ECF No. 5]. In her amended complaint, plaintiff, who is white, brings claims for race discrimination, wrongful termination, retaliation and harassment against defendant Walmart pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.* [ECF No. 5].

As support, plaintiff alleges that in December of 2022, she came into work after having Covid-19, after "being approved by Sedgewick for there [sic] sick polivy [sic]." Plaintiff states she asked the hiring manager, Samantha, if she should work that day, and Samantha said that she should. However, plaintiff asserts that she had recently been approved by "corporate" for paid time off (PTO), and she wished to ask about it. Plaintiff called "corporate" during her lunch break, and when she returned, five (5) African-American women from Walmart approached plaintiff and asked her to follow them to the back office.

Once in the back office, plaintiff claims the women closed the door and began calling her names, such as "slow."[1] The women told plaintiff that she was rude for calling "corporate" to ask about PTO. Plaintiff states that she started crying during the altercation, and Samantha came into the meeting and led her out of the room. An unnamed person at Walmart then told plaintiff that she was fired and wrote her a check, presumably for the days she had worked. However, plaintiff claims Walmart took the money from her bank account the next day.

Plaintiff asserts she has Post-Traumatic Stress Disorder from the incident at Walmart, and as a result, she can barely leave her home. Although other employers have allegedly hired plaintiff

---

[1] Plaintiff has not articulated in her amended complaint any other derogatory names the women allegedly directed at her.

since she was terminated from Walmart, "for some reason emotionally [plaintiff] just can[']t get [herself] to go [to] work." As relief, plaintiff seeks monetary damages.

Plaintiff attached to her amended complaint the cover sheet for the Investigative Summary from the Missouri Commission on Human Rights (MCHR), as well as a Notice of Right to Sue from the MCHR. Plaintiff, however, has not indicated in her amended complaint that she is pursuing claims in this lawsuit under the Missouri Human Rights Act (MHRA).

On December 21, 2023, plaintiff filed a supplement to her amended complaint containing a document from the MCHR titled "Notice that a Complaint Has Been Filed." [ECF No. 6, p. 1]. Also attached to the supplemental complaint is plaintiff's MCHR Charge of Discrimination,[2] filed on February 5, 2023, as well as a document from the EEOC titled "Notice of Charge of Discrimination in Jurisdiction where a FEP Agency Will Initially Process." *Id.* at pp. 2-3.

After reviewing the amended complaint pursuant to 28 U.S.C. § 1915 for frivolousness, maliciousness and failure to state a claim on February 21, 2024, the Court issued an Order requiring plaintiff to submit a copy of her Notice of Right to Sue from the EEOC. [ECF No. 8]. Plaintiff was told that her failure to provide the Court with a copy of her Notice of Right to Sue would result in a dismissal of this action, without prejudice. *Id.*

---

[2]The Charge of Discrimination filed with the MCHR contains the following paragraph:

> I believe I was discharged by the Respondent because of my Race, White. I started working for the Respondent in November, 2022 as a Cashier. On December 8, 2022, I asked about my protected paid time off. I called corporate and asked them as well. When I returned from lunch after speaking to corporate 5 women of color brought me in the back room and started making fun of me, saying I take too long on the computer, making rude comments, saying I have poor work ethic, saying I was slow and that it was rude to ask about my protected paid time off. I believe it was Samantha that discharged me, she said because of attendance but my medical leave had been approved from when I was sick with Covid-19. As remedy, I desire an end to the discrimination and anything else the Commission deems just and proper.

Despite the Court's Order, on February 27, 2024, plaintiff submitted another copy of her Notice of Right to Sue from the MCHR. [ECF No. 9]. And on February 28, 2024, plaintiff submitted a copy of the same Notice of Right to Sue from the MCHR. [ECF No. 10]. Plaintiff failed to submit a copy of her Notice of Right to Sue from the EEOC, and her time for doing so has passed.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. When reviewing a complaint filed by a self-represented person under 28 U.S.C. § 1915, the Court accepts the well-pleaded facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and it liberally construes the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits the claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even self-represented plaintiffs are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the self-represented plaintiff).

To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id*. at 679.

## Discussion

As set forth above, plaintiff was instructed on two separate occasions by this Court to attach copies of her Notice of Right to Sue from the EEOC. Nonetheless, plaintiff has failed to comply with the Court's Orders in that she has failed to provide a copy of her Notice of Right to Sue from the EEOC indicating that she is able to pursue her statutory remedies under Title VII.

Although plaintiff has provided the Court with a copy of her Notice of Right to Sue from the MCHR, this cannot suffice to pursue federal claims for relief under Title VII. To initiate a claim under Title VII, a party must timely file a charge of discrimination with the EEOC and receive a Notice of Right to Sue. *See Muth v. Cobro Corp.,* 895 F. Supp. 254, 255-56 (E.D. Mo. 1995). Additionally, a plaintiff has ninety (90) days to file a lawsuit from receipt of the EEOC Notice of Right to Sue. *See* 42 U.S.C. § 2000e(f)(1); *Littell v. Aid Ass'n for Lutherans*, 62 F.3d 257, 259 (8th Cir. 1995). Because plaintiff has failed to provide her EEOC Notice of Right to Sue and failed to comply with this Court's Orders to do so, the Court will dismiss this action, without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DISMISSED, without prejudice.**

**IT IS FURTHER ORDERED** an appeal of this dismissal would not be taken in good faith.

Dated this 13<u>th</u> day of March, 2024.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE